UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FRANKLIN GLASER, et al., | Case No. 16-cv-07245-LB |
| Plaintiffs, | |
| v. | **ORDER DENYING THE PLAINTIFFS' MOTION FOR A TRO** |
| NATIONSTAR MORTGAGE, LLC, et al., | Re: ECF Nos. 10, 11, 50 |
| Defendants. | |

The plaintiffs in this mortgage-foreclosure case renewed their motion for a temporary restraining order.[1]

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 429 (1974). The standards for a temporary restraining order and a preliminary injunction are the same. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A movant must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that would result if an injunction were not issued, (3) the balance of equities tips in favor of the

---

[1] ECF Nos. 10, 11, 14, 50.

plaintiff, and (4) an injunction is in the public interest. *See Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 376 (2008).

Here, the plaintiffs request a TRO but are unable to articulate what they want the court to enjoin. The court could identify only two possible activities that the plaintiffs were targeting, but both have since been mooted.

First, as is typical in a mortgage-foreclosure case, the plaintiffs may have been seeking to enjoin the foreclosure sale. But here, their property has already been sold in foreclosure, first to U.S. Bank and then to Viet Nguyen (both of which are named defendants). The plaintiffs have not identified anything that the court can do *now* — in light of the sales' completion — to preserve the status quo.

Second, U.S. Bank previously initiated an unlawful-detainer case against the plaintiffs in state court. But, putting aside the issue of this court's authority to enjoin a state-court proceeding, U.S. Bank has since dismissed that case. So, again, there is nothing for this court to do.

Because there is no threat to the status quo and no threat of irreparable harm, the court denies the plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: May 5, 2017

_____
LAUREL BEELER
United States Magistrate Judge